IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DE'ONDRE J. HOWARD, #303 165, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-792-ALB-WC |
| | ) |
| SHERIFF WALLY OLSON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending on a Complaint filed by De'Ondre Howard, an inmate incarcerated at the Dale County Jail when he filed suit. Howard challenges the conditions of confinement to which he was subjected during his incarceration at the county jail. Named as defendants are Sheriff Wally Olson, Jail Administrator Ron Nelson, and Jail Supervisor Steve Baxley. Howard seeks damages for the alleged violation of his constitutional rights. Doc. 1 at 2–4.

Defendants filed an answer, special report, and supporting evidentiary materials addressing the claim in the Complaint. In these documents, Defendants deny they acted in violation of Howard's constitutional rights and argues this case is due to be dismissed because, prior to filing the Complaint, Howard failed to properly exhaust an administrative remedy available to him at the Dale County Jail addressing the claims presented. Doc. 24

at 5–7.  Defendants base their exhaustion defense on Howard's failure to file any grievance regarding his claims. *Id.*

Upon receipt of Defendants' special report, the Court issued an Order providing Howard an opportunity to file a response.  This order directed Howard to address "Defendants' arguments that:  1. His claims are due to be dismissed because he failed to fully exhaust his administrative remedies available at the Dale County Jail as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act [prior to filing this federal civil action.] . . .; and 2. Defendants are entitled to qualified immunity (from damages) on the claims presented herein as [he] has failed to establish that the challenged action violated his constitutional rights."  Doc. 25 at 1–2 (footnote omitted).  The Order also advised Howard that his response should be supported by sworn affidavits or statements made under penalty of perjury and/or appropriate other evidentiary materials.  *Id.* at 3. The Order further cautioned Howard that unless "<u>sufficient legal cause</u>" is shown within fifteen days of entry of this order "<u>why such action should not be undertaken</u>, . . .the court may at any time [after expiration of the time for his filing a response] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law."  *Id.* at 3–4 (footnote omitted).  Howard has not filed a response to Defendants' report.

Pursuant to the aforementioned Order, the court deems it appropriate to treat the report filed by Defendants as a motion to dismiss regarding the exhaustion defense.  This

case is now pending on Defendants' motions to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case" and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is

>not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

### III.  DISCUSSION

Howard challenges the conditions of confinement to which he was subjected during his incarceration at the Dale County Jail. In their response, Defendants deny this allegation and also assert this case is subject to dismissal because Howard failed to properly exhaust the administrative remedy provided to him at the Dale County Jail prior to filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust

4

irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation, and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, --- U.S. ---, ---, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737. Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and

other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90–91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84; *Bryant*, 530 F.3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Dale County Jail provides an administrative remedy for inmate complaints in an inmate grievance procedure. Doc. 24-2 at 3–4; Docs. 24-3, 24-4, 24-5. In addition, the undisputed evidentiary materials filed by Defendants demonstrate Howard had access to the grievance procedure while confined in the Dale County Jail, *i.e.*, the procedure was available to him throughout his incarceration at the jail. Docs. 24-3, 24-4, 24-5. The grievance procedure allows an inmate to submit grievances to the Jail Administrator or Jail Supervisor regarding complaints and problems at the Dale County Jail.

The relevant portion of the grievance procedure provides:

1. To ensure quick and effective communication with Jail Staff, an Inmate Request Form is available to you [the inmate]. You may request an Inmate Request Form from Jail Staff Personnel.

2. Upon receipt of a signed and completed Inmate Request Form, the Jail Administrator or Jail Supervisor will make the appropriate response (if the request is not frivolous in nature).

3. The Jail Administrator or Jail Supervisor will act upon the request based on his/her investigation or knowledge of the situation.

4. If the Inmate is not satisfied with the action taken on the Inmate Request Form, he/she may appeal in writing up the Chain of Command to the Dale County Sheriff who is the final source of administrative appeal.

5. You [the inmate] will not be subjected to any adverse action for utilizing the administrative remedy procedures.

6. Multiple Inmates may not join in signing the same Inmate Request Form. Each Inmate Request Form can be submitted by only one Inmate.

7. Forms submitted that are illegible and unsigned will be discarded.

Doc. 24-2 at 3–4.

The record before the Court demonstrates Howard had an administrative remedy available to him during his confinement in the Dale County Jail. The undisputed evidentiary materials filed by Defendants further establish that Howard failed to exhaust this remedy prior to filing this federal civil action. Specifically, despite the availability of a grievance procedure and his access thereto, Howard filed no grievance regarding his concerns about conditions at the jail in accordance with the facility's grievance procedure. It is likewise clear that the administrative remedy is no longer available to Howard as he is no longer confined in the Dale County Jail. *See* Doc. 16—*Notice of Change of Address.* Dismissal with prejudice is therefore appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' Motion to Dismiss (Doc. 24) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an

administrative remedy available to him during his confinement at the Dale County Jail prior to initiating this cause of action.

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Dale County Jail.

3. No costs be taxed.

It is

ORDERED that **on or before June 6, 2019,** the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 23rd day of May, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE